# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOHNNY WOODCOCK, JR.,
on behalf of himself and all others
similarly situated,

                                **Plaintiffs,**

 -vs-                                           Case No. 6:08-cv-1593-Orl-22GJK

**ALL IN ONE POOLS, INC., and STEVEN F. GEIGER,**

                                 **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **SECOND MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 40)** |
| **FILED:** | September 28, 2009 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

| | |
|---|---|
| **MOTION:** | **RESPONSE TO ORDER TO SHOW CAUSE (Doc. No. 41)** |
| **FILED:** | September 28, 2009 |
| **THEREON** it is **RECOMMENDED** that the motion be **DISMISSED**. | |

Plaintiff, opt-in Plaintiffs (collectively, the "Plaintiffs"), and Defendants jointly move (the "Motion") the Court for approval of their settlement agreement (the "Agreement") pursuant to the Fair Labor Standards Act ("FLSA") and for dismissal of the case with prejudice. Doc. No. 40.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and

2

>    (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

*Id*. In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[2] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.[3] It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 Fed.Appx. at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method are unreasonable unless exceptional circumstances would justify such an award.

To establish the reasonableness of the fees and costs to be paid counsel should file a sworn statement containing: 1) a true and correct copy of a time sheet detailing the work performed by counsel and other legal professionals; 2) the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.); 3) the

---

[2] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[3] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

hourly rate for each individual who performed any task; 4) the number of hours spent on each task; and 5) a precise statement of all costs and expenses incurred.

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 11. The parties were represented by independent counsel who were obligated to vigorously represent their clients. *Id*. Plaintiff Woodcock originally claimed unpaid wages of $5,413.20, and liquidated damages in the equal amount of $5,413.20, totaling $10,826.40. Doc. No. 20 at 2. Opt-in plaintiff Eastburn claimed unpaid wages of $16,281.50 and liquidated damages of $16,281.50, totaling $32,563.00. Doc. No. 21 at 2.[4] The parties were able to reach the Agreement as a result of a settlement conference before the undersigned. Doc. No. 33. Following the settlement conference, new counsel, Bernard R. Mazaheri, Esq., appeared on behalf of the Plaintiffs and filed the present Motion. Doc. No. 39.

The Agreement provides Defendant will pay Plaintiffs Woodcock, Eastburn and Manning the total sum of twenty thousand dollars ($20,000.00), which includes unpaid wages, liquidated damages and attorneys' fees and costs. Doc. No. 34-2 at 4. An affidavit attached to the Motion provides the following distribution:

1. Plaintiff Woodcock received $3,300.00;

2. Opt-in Plaintiff Eastburn received $10,560.00;

3. Opt-in Plaintiff Manning received $2,640.00;

4. Morgan & Morgan recovered $3,500.00, netting $2,374.97 in attorneys' fees after subtracting costs of $1,125.03;[5]

---

[4] Opt-in plaintiff Manning did not file answers to interrogatories because the filing deadline had passed. Doc. No. 28.

[5] Under the Agreement, Morgan & Morgan was to recover $3,500.00. However, counsel only recovered fees of $2,374.97 after deducting costs. ($3,300.00 + $10,560.00 + $2,640.00 + $1,125.03 = $17,625.03; **$20,000.00 - $17,625.03 = $2,374.97**)

5

5. As mentioned, the costs totaled $1,125.03, out of which $500.00 was paid to Woodcock on top of the $3,300.00 outlined above.

Doc. No. 40-2 at 4. Counsel for Plaintiffs represents that Morgan & Morgan "has not and will not take a percentage of the Plaintiffs' recovery." Doc. No. 40 at 3. The undersigned recommends that the Court find that these amounts are fair and reasonable settlement amounts.

In the affidavit, attorney Mazaheri states that Plaintiffs' prior counsel, Nannette Piccolo, Esq., "did a poor job accounting for her time in the case." Doc. No. 40-2 at 4. Mr. Mazaheri opines that Ms. Piccolo likely expended 28.5 hours of attorney time, which would equal an hourly rate of $83.33 per hour. *Id.* Therefore, counsel contends that considering such a nominal hourly rate, the Agreement is fair and reasonable. *Id.* Moreover, counsel states that the case was and still is highly contested by the parties, but they appear pleased with the Agreement. *Id.*

This case has been pending since September 17, 2008. Doc. No. 1. As set forth above, the attorneys' fees recovered in this case total $2,374.97, while the full settlement amount is $20,000.00. Mr. Mazaheri maintains that Morgan & Morgan "will not take a percentage of Plaintiffs' recovery." Doc. No. 40 at 3. Moreover, after thoroughly reviewing the case, he opines that Piccolo likely expended 28.5 hours of attorney time, which would equal an hourly rate of $83.33 per hour. *Id.* Based on these representations, the undersigned recommends that the attorneys' fees recovered under the Agreement are reasonable. Accordingly, after reviewing the Motion, Agreement and affidavit of Mr. Mazaheri, the undersigned recommends that the Court find the proposed Agreement in exchange for Plaintiff's release of all claims and dismissal of the action with prejudice to be fair and reasonable.

**THEREON** it **RECOMMENDED** that the Court:

1. GRANT the Joint Motion (Doc. No. 40) only to the extent that the Court finds the

parties' settlement is fair and reasonable;

2. DISMISS the Order to Show Cause (Doc. No. 38) and respective Response to Order to Show Cause (Doc. No. 41);[6] and

3. Enter an order dismissing the case with prejudice and direct the Clerk to close the case;

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended at Orlando, Florida on November 24, 2009.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Court Judge
Counsel of record

---

[6] On September 25, 2009, the undersigned entered an Order to Show Cause against Plaintiffs as to why the case should not be dismissed for failure to prosecute. Doc. No. 38. Thereafter, Mr. Mazaheri appeared as counsel for Plaintiffs and filed the present Motion and Response to Order to Show Cause. Doc. Nos. 39-41.